Van Voorhis, J.
This appeal concerns mainly whether the City of Amsterdam is liable for a fire which burned a multiple residence there on February 1, 1955. The action is also against the owner of the building, one of whose tenants had installed an oil heating stove. Although the evidence is by no means conclusive, we shall assume that a defect in this heater caused the fire. An earlier fire which was soon extinguished had occurred *137 on December 13, 1954. The stove had leaked oil before the first fire, and continued to leak after its use was resumed, to the extent that a metal container was kept beneath it to catch the drippings. On the occasion of the first fire, a captain of the city fire department told the tenant to discontinue the use of this oil heater unless and until it was repaired. No report was made to the Commissioner of Public Safety. The first fire Avas reported to the landlord, but it does not appear that he had notice of the oral direction to the tenant by the fire captain, nor does it appear that the city took any action in regard to the heater.
In affirming the dismissal of the complaint on the law at the close of plaintiffs’ case, the Appellate Division said (7 A D 2d 760): “ The action is in negligence. The city is charged Avith violation of the Multiple Residence Law and the individual owner with owning and maintaining a defective and unsafe building and allowing the use of a dangerous and defective instrument therein (oil stove), all of which created a nuisance. There is nothing in the present case as to the law or facts which differs from a case previously tried and dismissed and thereafter affirmed by this court. (Rivera v. City of Amsterdam, 5 A D 2d 637.) ”
The Rivera case arose out of the same fire, the theory of action being that the city neglected to folloAV up the knowledge of the fire captain that the heater was defective, and require correction of the defect or prevent the use of the heater, and, moreover, that this failure actively to see to it that the defect was corrected incurred a liability under section 303 of the Multiple Residence Law enforcible by the city under section 305 of the same act. It was held that no liability is cast upon public authority by the Multiple Residence Luav for private damage resulting from failure to enforce its directory provisions, the Appellate Division adding (supra, p. 638): “In this respect the duty of the city to act to enforce provisions of the Multiple Residence Law is quite similar to the duty to provide adequate police protection, the failure of which was held not to be actionable in Murrain v. Wilson Line (270 App. Div. 372, affd. 296 N. Y. 845); or the failure of a village to provide safeguards at the place of a dangerous condition in high tension wires (Landby v. New York, New Haven & Hartford R. R. Co., 278 App. Div. *138 965); or the failure to provide adequate fire department protection or water pressure in pipes to deal with a fire considered in Steitz v. City of Beacon (295 N. Y. 51).”
In earlier days the action would have been dismissed on the ground of governmental immunity, a defense which was waived in 1929 by the enactment of .section 12-a (now § 8) of the Court of Claims Act (Bernardine v. City of New York, 294 N. Y. 361). The bar of governmental immunity “no longer stood against the enforcement of civil liability arising from breach of a duty that existed before, but which could not be enforced until the immunity was waived ” (Schuster v. City of New York, 5 N Y 2d 75, 83), and the cities, villages, counties, towns and other political subdivisions of the State became “ answerable equally with individuals and private corporations for wrongs of officers and employees ”. (Bernardine v. City of New York, supra, p. 365.) But just as it is necessary to sustain an action against an individual or private corporation to ascertain whether it is under a duty to a plaintiff, so, also, it is necessary to decide whether a city or other civil subdivision or municipal corporation is under a duty to a plaintiff irrespective of sovereign immunity (Beauchamp v. New York City Housing Auth., 12 N Y 2d 400, 406-407). The rule is that, independent of sovereign immunity, a municipality is not liable for failure to supply general police or fire protection (see cases cited by Appellate Division in Rivera v. City of Amsterdam, supra). The opinion of the court by Judge Thacheb, in Steitz v. City of Beacon (295 N. Y. 51, 56), decided after Bernardine v. City of New York (supra), says that the Steitz decision is “ governed by our decision in the Moch case ” (Moch Co. v. Rensselaer Water Co., 247 N. Y. 160) “because it has judicially determined that a corporation under a positive statutory duty to furnish Avater for the extinguishment of fires is not rendered liable for damages caused by a fire started by another because of a breach of this statutory duty ” (295 N. Y., p. 57).
Moch v. Rensselaer Water Co. involved a private water company which, under its contract with the city and the terms of the enabling act (Transportation Corporations Law, § 81), was obliged to furnish Avater through hydrants for fire protection. It held that neither contract nor statute inured to the benefit of individual members of the public, and further that there *139 was no duty to the plaintiff therein on which to found common-law tort under the principle of MacPherson v. Buick Motor Co. (217 N. Y. 382). No defense of governmental immunity was involved in Moch nor in Steitz which notes the waiver of governmental immunity by section 8 (formerly § 12-a) of the Court of Claims Act, and which was decided only five months after that Avaiver had been construed to the broadest extent in Bernardine v. City of New York (supra).
The alleged statutory liability Avas not denied on any theory of governmental immunity, but as is made especially clear at page 56 of the opinion in the Steitz case, for the reason that in the case of individuals and private corporations, as well as units of government, “ The violation of such a duty, resulting in damage, gives rise to an action in tort, if, but only if, the intent of the statutory enactment is to protect an individual against an invasion of a property or personal interest (Amberg v. Kinley, 214 N. Y. 531; Schmidt v. Merchants Despatch Trans. Co., 270 N. Y. 287, 306; Restatement of Torts, § 286).”
These cases cited are authority for the rule that liability arises out of a statute only in limited instances Avhere disregard of the command of the statute results in damage to one of the class for whose especial benefit the statute was enacted.
As recently as 1954 Steitz v. City of Beacon was followed in Mirabito v. City of Fulton (283 App. Div. 996, mot. for lv. to app. den. 307 N. Y. 940) Avhich again held that there is no liability on the part of a municipality to individuals as a result of negligence or statute in failing to furnish adequate fire protection.
In the case of municipalities, as of other defendants, tort liability has been held to exist where there has been some relationship on the part of the defendant to the plaintiff creating a duty to use due care for the benefit of particular persons or classes of persons (e.g., Schuster v. City of New York, supra, and cases therein cited) but we have never gone so far as to hold that a general liability exists to the public for civil damage in event of failure to supply adequate police or fire protection. Schuster v. City of New York Avas criticized in 44 Cornell Law Quarterly 441 for stopping short of that result.
Runkel v. City of New York (282 App. Div. 173) and Runkel v. Homelsky (286 App. Div. 1101, affd. 3 N Y 2d 857) involved *140 different facts and different statutes. The Runkel case does not create liability in case of general failure to supply police or fire protection.
The judgment appealed from should be affirmed, without costs.