155 N.J. Super. 324 (1978)
382 A.2d 929
BETTY WUETHRICH, INDIVIDUALLY AND AS ADMINISTRATRIX AD PROSEQUENDUM FOR THE HEIRS-AT-LAW OF JOHN WUETHRICH, PLAINTIFF-APPELLANT,
v.
JOHN DELIA AND TOWNSHIP OF BERKELEY HEIGHTS, A MUNICIPAL CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 22, 1977.
Decided January 11, 1978.
*325 Before Judges MATTHEWS, CRANE and ANTELL.
Mr. John Anthony Lombardi argued the cause on behalf of appellant.
Mr. Thomas W. Greelish argued the cause on behalf of respondent Township of Berkeley Heights (Messrs. Schenck, Price, Smith & King, attorneys; Mr. Francis J. Beyrent, of counsel).
Messrs. Mantel & Thelander filed a Statement in Lieu of Brief on behalf of respondent Delia (Mr. Robert C. Thelander on the brief).
PER CURIAM.
In March 1975 defendant township moved to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted. That motion was denied. The opinion of the judge below which contains the underlying facts is reported at 134 N.J. Super. 400 (Law Div. 1975). Subsequently, in 1976, after discovery was completed, defendant township moved for summary judgment. After having considered the moving and reply papers and having reviewed the entire record, the judge below granted summary judgment in favor of the township.
Pursuant to leave granted, plaintiff appeals contending that the judge erred in granting summary judgment and that the immunity provided by the New Jersey Tort Claims *326 Act, N.J.S.A. 59:1-1 et seq. is not available to defendant township under the circumstances of this case.
We have carefully examined the record below and have concluded that summary judgment was appropriately granted. While it is true that police officers have a duty to investigate information from citizens concerning unlawful or criminal activity, State v. Royal, 115 N.J. Super. 439 (App. Div. 1971), certif. den. 59 N.J. 294 (1971), the failure of the police to make an arrest as a consequence does not subject the municipality to tort liability. N.J.S.A. 59:5-5. Municipalities are expressly immunized from tort liability for the failure to provide police protection or the failure to provide sufficient police protection. N.J.S.A. 59:5-4. A public entity such as a municipality is not liable in tort for its failure to protect against the criminal propensity of third persons. Setrin v. Glassboro State College, 136 N.J. Super. 329 (App. Div. 1975). We find no merit in the argument of plaintiff that the provisions of N.J.S.A. 59:2-2 and 59:2-3 diminish the explicit grant of immunity contained in N.J.S.A. 59:5-4 and 59:5-5.
Affirmed.