The question is whether, under the following facts, the City of Birmingham (Birmingham) is liable for a tort allegedly committed by one of its employees. We hold that Code 1975, §11-47-190,* the statute governing municipal tort liability, permits plaintiff Thompson's cause of action, and we affirm the judgment in his favor
Plaintiff was incarcerated in the Birmingham City Jail on the charge of destroying private property. While plaintiff was in jail, he was allegedly beaten by police officers for refusing to change into a prison uniform. Plaintiff brought suit against Birmingham, alleging that an assault and battery was committed on him by a Birmingham police officer and further alleging that agents, servants, or employees *Page 590 
of Birmingham were present or in the vicinity of the alleged assault and battery, and that those persons negligently caused or negligently allowed the assault and battery
At the close of both plaintiff's and defendant's case, defendant moved for a directed verdict. As grounds, defendant argued, among other things, that the evidence failed to establish that the injury was occasioned by the "neglect, carelessness or unskillfulness of some agent, officer or employee of the [defendant] engaged in work therefor and while acting in the line of his duty." Both motions for directed verdict were denied
Plaintiff agreed that the case would not be submitted to the jury on the theory that Birmingham's agents or servants negligently caused or allowed the battery, but the case was submitted to the jury with instructions including the following:
 So, basically, as I understand the Plaintiff's claim — the attorneys will have an opportunity to take exception to my remarks in just a moment — the Plaintiff's theory, as advanced by his pleadings, is either one or two propositions. First of all, even that if you will find that the Plaintiff failed to carry out a reasonable request or order of the Defendant in the operation of its jail facility, then the defendant would not be entitled to use any more than what would be considered reasonable force to carry out its rules and regulations
 The second option, or second theory advanced by the Plaintiff in this, is that even after a full and fair consideration of all evidence, if you are reasonably satisfied that the force used by the Defendant's agent, Officer Taylor, was in the process of repelling or meeting force exerted by the Plaintiff, still, in that event, the defendant would not be entitled to use any more force than was reasonably necessary to repel the force of the Plaintiff
. . .
 It is very difficult, and I don't know how you define excessive force, but I'd say excessive force is more force than is reasonably necessary under the circumstances for the defendant to carry out its rules and regulations dealing with the proper management of its prisoners who are under its care, custody and control
The jury returned a verdict for plaintiff in the amount of $25,000. Defendant filed a motion for JNOV, or, in the alternative, for a new trial, assigning as one ground the failure of the evidence to establish that plaintiff's injury was caused by the neglect, carelessness or unskillfulness of Birmingham's agent, officer or employee. The trial court denied defendant's motion and defendant appealed
The case was submitted to the jury with instructions regarding not only the officer's privilege to use force against his prisoner, but also the consequences of the officer's exceeding the privileged force. Plaintiff asserts that an officer using excessive force against a prisoner has committed a negligent tort which falls within the definition of "unskillfulness."
We agree with that conclusion, even though it means that a battery may be committed by "unskillfulness," i.e., a form of negligence
In the early case of Chapman v. State, 78 Ala. 463 (1885) the question was whether the presenting of an unloaded gun at a person in such a menacing manner as to terrify him and within such a distance as to have been dangerous had it been loaded, would support a criminal charge of assault. Calling attention to the conflict of authorities due to the failure to observe the distinction between civil and criminal cases, this Court held that a civil, but not a criminal, action would lie:
 A civil action would rest upon the invasion of a person's "right to live in society without being put in fear of personal harm;" and can often be sustained by proof of a negligent act resulting in unintentional injury. [Citations omitted.] An indictment for the same act could be sustained only upon satisfactory proof of criminal intention to do personal harm to another by violence. [Citations omitted.] *Page 591 
And in Thomason v. Gray, 82 Ala. 291, 3 So. 38 (1887), an action of assault and battery, the following jury charges were given upon plaintiff's request:
 (1) "Even if the jury believe, from the evidence, that the plaintiff was in fault in bringing on the difficulty, yet, if they believe, from the evidence, that the defendant's retaliation was disproportionate to, and excessive of, the necessity or provocation received, they must find for the plaintiff." (2) "If the jury believe, from all the evidence, that the defendant brought on the difficulty, then he cannot invoke the doctrine of self-defense." . .
In commenting upon the propriety of the action and of these charges, this Court stated:
 There may, no doubt, be cases of assault and battery, as well as of mere assault, which would sustain a civil action for damages, and yet not be punishable criminally, by indictment. An assault with an unloaded gun or pistol might be one of this character; as would also a battery resulting from the fault or negligence of the defendant, without any criminal intent. 2 Green. Ev. § 85; Chapman v The State, 78 Ala.Rep. 463. . . . In civil actions, . . the rule obtains, that if the defendant was the aggressor, and brought on the difficulty, he can not invoke the doctrine of self defense, because it would be allowing him to take advantage of his own wrong So, the doctrine [of self defense] being based on necessity, the party resorting to it can go no further, in doing damage or violence to his adversary, than what is reasonably necessary and unavoidable. His retaliation can not innocently be disproportionate to the necessities of the occasion, or excessive of the provocation received. . . [Emphasis added.]
And in Carlton v. Henry, 129 Ala. 479, 29 So. 924 (1900), in applying the facts of the case to the applicable law of assault and battery, this Court declared that:
 The act of Henry in thrusting the plaintiff being done in carrying out the unlawful purpose of beating the servant, was in itself unlawful and amounted to an actionable assault and battery without regard to whether it was designed to injure plaintiff. In the civil as distinguished from the criminal action an intent to injure is not essential to the liability of the person committing the assault. [Citations omitted.] . .
The distinction was again commented upon in McGee v. State,4 Ala. App. 54, 58 So. 1008, 1009:
 [W]e think that, at times, courts have fallen into error in applying, or in attempting to apply, the rules applicable only to civil actions for assaults and batteries or trespass to the person to the facts in criminal prosecutions. In a criminal prosecution for an assault and battery, except as hereinafter shown, the intent to injure is one of the essential elements of the offense; in civil actions, the intent, while pertinent and relevant, is not essential. [Citation omitted.]
Accord, Birmingham Ry., Light Power Co. v. Coleman, 181 Ala. 478,61 So. 890 (1913); Pizitz v. Bloomburgh, 206 Ala. 136,89 So. 287 (1921); Honeycutt v. Louis Pizitz Dry Goods Co.,235 Ala. 507, 180 So. 91 (1938)
In Burge v. Forbes, 23 Ala. App. 67, 70, 120 So. 577 (1929), a civil action for assault based upon an arrest during which the officer pointed a pistol at the plaintiff, the court stated:
 The intention to do immediate harm to the person of plaintiff appears not to be essential in an action for a civil assault
The opinion of Professor Prosser expressed in his notable treatise, Handbook of the Law of Torts, § 8 (4th ed. 1971), that the concept of a "negligent assault and battery" is outmoded, has served neither to overrule the well-established Alabama doctrine nor that of other jurisdictions. The contemporary rule in Connecticut, for example, is that an actionable assault and battery may be committed under circumstances showing a reckless disregard of consequences, or committed negligently. Russo v. Porga, 141 Conn. 706,109 A.2d 585 (1954); Cf. Alteiri v. Colasso, 168 Conn. 329, *Page 592 362 A.2d 798 (1975). See 6A C.J.S. Assault and Battery, § 5 at 322 (1975)
This case was submitted to the jury on the theory that an agent of the City of Birmingham had used "excessive force" upon the plaintiff, that is, a force which was excessive. That is the equivalent of asserting an assault and battery not measured or patterned for the circumstances, or an unskilled response, whether the force used was, as the trial court charged, exerted because of the plaintiff's failure to respond to an order, or because the force was exerted in meeting a counterforce of the plaintiff. In either case, the lack of a response measured by the circumstances could have been due to his "unskillfulness" as an officer confronted by either of those circumstances. As "unskillful" is used in § 11-47-190, it means "lacking in skill or proficiency." Webster's Third New International Dictionary
at 1510. Cf. Thomason v. Gray, supra. An assault and battery committed under either circumstance, because "unskilled," would be a negligent assault and battery because it would fall below that response which a skilled or proficient officer would exercise in similar circumstances. Hence, the cause of action alleged and proved fell within the conduct for which the legislature has prescribed a remedy under § 11-47-190
The defendant contends that the trial court erred in refusing to give certain requested jury charges which dealt with assault and battery. We have examined these charges and have found that they were either abstract or were covered by the court's oral charge
To the city's argument concerning the admissibility of two photographs of the plaintiff which were taken shortly after the incident in question, we must state that it does not appear that the trial judge abused his discretion in allowing their admission. See generally C. Gamble, McElroy's Alabama Evidence, § 207.01 (2) (3rd ed. 1977)
The judgment is affirmed
AFFIRMED
MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur
TORBERT, C.J., dissents
* Code 1975, § 11-47-190, provides in pertinent part:
No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless said injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his duty.