OPINION OF THE COURT
Harold Tompkins, J.
On this motion to dismiss the complaint is raised an issue apparently unresolved to date by any trial court in the City of New York or any appellate court of this State. Are the Metropolitan Transportation Authority (hereinafter MTA) and the New York City Transit Authority (hereinafter TA) required to pay refunds, equal to token expenditures, to a passenger for alleged late service and for unsanitary conditions on the routes he travels?
The relief requested by plaintiff on a contractual theory in this action must be denied for the reasons set forth herein.
Plaintiff Oliver Leeds (hereinafter Leeds) travels each workday on the “GG” trains. During the period encompassed by his complaint, the trains have been admittedly late, the system has been permeated with graffiti, there has been a lack of trash removal, bathroom facilities and benches and often a lack of personal safety.[1]
*798 Leeds seeks $15 as a refund for token purchases due to “breach of contract”.[2] Leeds cites three recent cases that have found contractual liability on the part of the Long Island Railroad and the Consolidated Rail Corp. (Conrail), to passengers for late and faulty service. (See Dominianni v Consolidated Rail Corp., 110 Misc 2d 929 [Town Ct of Harrison]; Kessel v Long Is. R. R. Co., 107 Misc 2d 1067 [Dist Ct, Nassau County]; Javeline v Long Is. R. R. Co., 106 Misc 2d 814 [Civ Ct, Queens County]).
This court does not choose to follow the precedent of those cases. Furthermore, Conrail and the Long Island Railroad provide traditional railroad service in interstate commerce. (United Transp. Union v Long Is. R. R. Co., 455 US 678.)[3]
The TA is a public benefit corporation. Subdivision 4 of section 66 of the General Construction Law provides: “A ‘public benefit corporation’ is a corporation organized to construct or operate a public improvement wholly or partly within the state, the profits from which inure to the benefit of this or other states, or to the people thereof”. Moreover, there is no question that the TA and MTA are engaged in a government function (see Public Authorities Law, §§ 1202, 1266).[4] As such, they are in the same posture as the State, city or other municipality providing essential services.
The Court of Appeals has recently addressed the issue of whether a cause of action exists for failure of a municipality to provide essential services. In Motyka v City of Amsterdam (15 NY2d 134, 139), the court stated “we have never gone so far as to hold that a general liability exists to *799 the public for civil damage in event of failure to supply adequate police or fire protection”. (See, also, Weiner v Metropolitan Transp. Auth., 55 NY2d 175 [no liability for failure to provide adequate police protection]).
The same sound policy reasons that dictated the result in Motyka v City of Amsterdam (supra) control here.
Accordingly, the court cannot in good conscience impose a cause of action for breach of contract of carriage against these defendants.
Defendants’ motion to dismiss the complaint is granted.

. Plaintiff asserts (1) lack of police and/or electronic surveillance to insure passenger safety; (2) graffiti; (3) filth; (4) unreadable maps; (5) dirty windows; (6) overcrowding; (7) water leaks; (8) urine on platforms; (9) faulty public address systems; (10) no guard rails.

. Procedurally, this action was commenced by Leeds in the Evening Small Claims Part of this court on November 9, 1981. On December 18, 1981, the MTA and TA demanded a jury trial resulting in the case being removed to the regular day session. Following this removal, defendants have made this motion. Leeds is now represented by counsel and the case is appropriately before Special Term, Part I, of this court. (New York City Civil Court Rules, § 2900.33, subd [d], par [4].)

. An anomaly is present because the three traditional railroads L.I.R.R., Conrail, S.I.R.T.O.A. as well as the subways under the Transit Authority are all part of the complicated ownership scheme under the Public Authorities Law.

. The MTA is improperly named as a defendant. According to section 1202 of the Public Authorities Law, the TA operates the subways and not the MTA. (Glen v Rockefeller, 61 Misc 2d 942, affd 34 AD2d 930).