Wachtler, J.
(dissenting). A plaintiff’s right to recover for negligently inflicted injury should not depend upon whether the plaintiff belongs to a legally accepted “special class”. This judicially created caste system represents an indefensible exception to the basic principle of negligence law that a plaintiff is entitled to compensation when he has been injured by the defendant’s failure to observe standards of reasonable care under the circumstances. In addition, efforts to decide tort liability by placing, or attempting to fit litigants into rigid categories breeds exceptions and often produces incongruous, unfair and arbitrary results.
Similar concerns recently prompted this court to overrule its long-standing distinction between business invitees, licensees and trespassers in cases involving suits *193 against negligent landowners (Basso v Miller, 40 NY2d 233; Scurti v City of New York, 40 NY2d 433). It was noted that these “rigid status classifications” were a heritage of feudalism and that, they had generated confusing and artificial distinctions and refinements (Basso v Miller, supra, at pp 240, 242). “ ‘Through this semantic morass the common law has moved, unevenly and with hesitation, towards “imposing on owners and occupiers a single duty of reasonable care in all the circumstances” ’ ” (Kermarec v Compagnie Gen., 358 US 625, 631, quoted in Basso v Miller, supra, at p 240). These same considerations call for an abandonment of the special class limitations when recovery is sought for injuries suffered by members of the public as a result of a municipality’s negligent approval of a dangerous condition it had a duty to inspect and correct.
The need for reform in this area has been noted in the past by other members of this court. Former Chief Judge Desmond persistently dissented against the rule which generally relieves the State and its subdivisions of liability for negligent performance of governmental duties (Steitz v City of Beacon, 295 NY 51, 57-60; Motyka v City of Amsterdam, 15 NY2d 134,140-141). Recognizing the rule, with its peculiar exceptions, as one of the “vestiges of governmental immunity” (at p 141) he stated in his dissent in the Motyka case (at p 140): “Any court-created tort immunity rule should be forthrightly abandoned when its injustice and its unreality are so evident as to produce exceptions, interpretations and inconsistencies galore”.
Judge Keating dissenting in Riss v City of New York (22 NY2d 579, 583, 585), observed “It is not a distortion to summarize the essence of the city’s case here in the following language: ‘Because we owe a duty to everybody, we owe it to nobody.’ Were it not for the fact that this position has been hallowed by much ancient and revered precedent, we could surely dismiss it as preposterous.” He too urged that the government, in carrying out its responsibilities to the public, should be held responsible for the negligent acts of its employees as would a private employer, and felt that our cases “indicate how, step by step, New York courts are moving” in that direction. (Supra, at p 590; see, also, Evers v Westerberg, 32 NY2d 684, where former Chief Judge *194 Fuld dissented from the application of the current rule.) In recent years minor erosions of this judicially resurrected governmental immunity have produced additional exceptions and special categories* underscoring the continuing need for broader reform.
This problem can be resolved by the courts without the aid of the Legislature. As in Basso v Miller (40 NY2d 233, supra), the special status requirements created by the courts can be abolished by the courts when experience has shown they are unworkable and unfair.
Applying the ordinary rules of tort liability to governmental entities should produce more just results in cases such as the one now before us. When a city has undertaken the duty of approving gas installations in buildings it should not be allowed to escape liability if its inspector overlooks a blatant defect and in fact declares the dangerous installation safe by affirmatively authorizing its use, simply because the persons killed or injured do not fit neatly into any special class and are unable to shoyv some special relationship with the city. Abandonment of these status requirements in favor of the traditional tort concepts should not produce intolerable results in other cases. All that would be required is that the government, in its dealings with the public, exercise reasonable care under the circumstances (cf. Basso v Miller, supra, at pp 240-241). That of course would take into account the practicality of performing the duty to the extent asserted (cf. De Witt Props. v City of New York, 44 NY2d 417), and the availability of personnel to accomplish the task (cf. Florence v Goldberg, 44 NY2d 189). In addition as Judge Keating observed in his dissent in Riss (supra, at pp 592-593): “No doubt in the future we shall have to draw limitations just as we have done in the area of private litigation, and no doubt some of these limitations will be unique to municipal liability because the problems will not have any counterpart in private tort law. But if the lines are to be drawn, let them be delineated on candid considerations of policy and fairness and not on the fictions or relics of the doctrine of *195 ‘sovereign immunity’ It is, to say the least, anomalous to hold that the duty owed the general public does not include an obligation to a member of the general public and thus to thrust upon that one member, or his family, the often catastrophic loss which rightfully should, and much more readily can, be borne by the general public.
In short, abandonment of the special status requirements will not, as the majority suggests, “subject the municipalities to open-ended liability of enormous proportions and with no clear outer limits”. On the contrary it will simply mean that the municipalities like all individuals and corporations will be liable for damages if they neglect to act with reasonable care; and that is precisely what the statutory waiver of governmental immunity was intended to accomplish (Court of Claims Act, § 12-a [L 1929, ch 467, § 1], now § 8; Bernadine v City of New York, 294 NY 361, 365).
Accordingly, the order of the Appellate Division should be affirmed.
Judges Jasen, Jones and Simons concur with Chief Judge Cooke; Judge Wachtler dissents and votes to affirm in a separate opinion in which Judges Fuchsberg and Meyer concur.
Judgment appealed from and the order of the Appellate Division brought up for review reversed, etc.

 (See, e.g., Florence v Goldberg, 44 NY2d 189, child whose parent relied on a crossing guard being at a certain location qualifies as a member of a “special class” and can recover for injuries occurring when the municipal authorities neglected to provide a guard; see, also, Garrett v Holiday Inn, 58 NY2d 253.)