Jasen, J.
(dissenting in part). While I agree with so much of the majority’s opinion as holds that despite the absence of any actionable duty owed by a third party directly to the injured plaintiff, the third party may be held liable for a proportionate share of the damages on the basis of a breach of duty to those who must respond directly in damages to the plaintiff, I do not believe that the third party in this case, the Town of Greece, can be charged with violating a special duty to the motel owners and operator in order to be held liable for a proportionate share of the damages.
As the majority recognizes, a municipality will be held liable for violating a duty commanded by a statute only where the statute was enacted for the benefit of a particular person or class of persons. (Motyka v City of Amsterdam, 15 NY2d 134.) No liability exists where the municipality has breached a general duty owed to the public. (Sanchez v Village of Liberty, 42 NY2d 876, app dsmd on other grounds 44 NY2d 817; O’Connor v City of New York, 58 NY2d 184.) The “special duty” rule has been applied in cases indistinguishable from the case before us.
In Motyka v City of Amsterdam (15 NY2d 134, supra), plaintiffs brought a cause of action against the city after a fire broke out in an apartment building, killing and injuring several people. The. complaint alleged that the city failed to enforce certain provisions of the Multiple Resi *265 dence Law by refusing to take proper action to see that a defective oil heater, which was known to have caused a previous fire, was repaired or removed. This court held that the complaint was properly dismissed because the city owed only a general duty to the public as opposed to a special duty to the plaintiffs.
Similarly, in Sanchez v Village of Liberty (42 NY2d 876, app dsmd on other grounds 44 NY2d 817, supra), a fire resulted in the deaths of several people. Plaintiffs brought suit against the village and others alleging that the village and its building inspector knew the building was a firetrap lacking proper fire escapes and other means of ingress and egress in violation of certain statutes and ordinances. Once again, we held that only a general duty had been breached because there was no special relationship between the village and this particular class of individuals. We have most recently reaffirmed our commitment to the special duty rule in O’Connor v City of New York (58 NY2d 184, supra.)
The majority attempts to distinguish the afore-mentioned cases on the ground that the Town of Greece “not only negligently failed properly to inspect the premises but also that it affirmatively issued a false certificate of occupancy, actively misrepresenting that there were no violations of applicable fire and safety laws.” (At p 263, n 5.) What the majority overlooks is that in Sanchez v Village of Liberty (supra), it was alleged that the plaintiffs, recipients of public assistance, were moved into a building which the defendants knew was a firetrap. It is difficult to imagine a more affirmative act of misrepresentation to a particular class of individuals that premises were safe for their occupancy. Moreover, in O’Connor v City of New York (supra), the city inspector observed the obviously faulty gas pipe installation work, but nevertheless issued a “blue card” which stated: “This is to certify that the Gas Pipes of the premises known as No. 7-11 Ann Street in the Borough of Manhattan conform to the rules and regulations of the Department in effect at this date.” Thus, it is beyond dispute that the City of New York, as did the Town of Greece, “actively misrepresented] that there were no vio *266 lations of applicable [rules and regulations]”. No credible distinction can be drawn between these cases.
Since I believe this case is indistinguishable from our past decisions, stare decisis commands dismissal of plaintiff’s complaint. Indeed, at an earlier stage of the instant litigation, it was held that “[p]laintiff has alleged no more than a violation by the town of a general duty owed to the public at large”. (Garrett v Town of Greece, 78 AD2d 773, 774, affd on opn below 55 NY2d 774.) I cannot accept the distinction drawn by the majority between motel owners and motel guests, allowing only the motel owner to recover for damages caused as a result of the same catastrophic event. As we said in O’Connor v City of New York (58 NY2d 184, 192, supra) “[t]he arguments for extending municipal liability * * * have been raised before and rejected. It is true that some individuals will suffer substantial hardship as a result of their inability to recover for their injuries from a municipality that negligently fails to enforce its own regulations. The deleterious impact that such a judicial extension of liability would have on local governments, the vital functions that they serve, and ultimately on taxpayers, however, demands continued adherence to the existing rule. All the more is this so when there has been reliance for decades on this doctrine for purposes of municipal fiscal planning. If liability to individuals is to be imposed on municipalities for failure to enforce statutes or regulations intended for the general welfare, that imposition should come from the Legislature.”
Accordingly, I would affirm the order of the Appellate Division and, as we did in the companion case, Garrett v Town of Greece (55 NY2d 774, supra), dismiss the third-party complaint.
Judges Jones, Fuchsberg and Meyer concur with Judge Wachtler; Chief Judge Cooke dissents in part and votes to affirm for the reasons stated in the opinion by Justice Richard D. Simons at the Appellate Division (86 AD2d 469); Judge Jasen dissents in part and votes to affirm in a separate opinion; Judge Simons taking no part.
Order modified, with costs to appellants, and the case remitted to Supreme Court, Monroe County, for further *267 proceedings in accordance with the opinion herein and, as so modified, order affirmed.