Appellant Clyde Garrett and his family attended a fireworks display sponsored in part by the City of Mobile at Ladd Memorial Stadium on July 3, 1982. As the Garretts were walking to their automobile at the end of the display, Mr. Garrett was assaulted by a group of five or six teenage males. He received numerous stab wounds. Prior to assaulting Garrett, the same group of teenagers had stabbed two other individuals inside the stadium. Eighty-two police officers were assigned to Ladd Stadium for the fireworks display. Garrett brought suit against the City of Mobile, alleging that the City negligently failed to provide the security necessary to prevent his injury. He contends that because the police were aware of two previous assaults, the risk of his injury was foreseeable and therefore was proximately caused by the officers' negligent failure to react. The trial court granted the defendant's motion for summary judgment, and this appeal followed. We affirm.
Our review of the summary judgment in this case is controlled by the recent decision of Calogrides v. City of Mobile,475 So.2d 560 (Ala. 1985). Calogrides was the first victim of these teenage assailants on July 3, 1982. After he was attacked, he alerted two police officers and was taken to get first aid.
In Calogrides and in Rich v. City of Mobile, 410 So.2d 385,387 (Ala. 1982), a suit involving the city's negligent inspection of sewer lines, we stated the general rule that a city has no duty, the breach of which will impose tort liability to a person "`in those narrow areas of governmental activities essential to the well-being of the governed.'"Calogrides v. City of Mobile, supra, at 561, quoting Rich v.City of Mobile, supra. We further held in Calogrides that the organization and maintenance of a police force is one of the activities that is essential to the well being of the citizenry. Calogrides, id. The imposition of liability on a municipality in connection with a legitimate effort to provide a police force is not consistent with the goal of maintaining that force. Garrett contends that during the period of forty-five minutes to an hour that elapsed between the attack on Calogrides and the subsequent attack on him, the police department had a duty to provide for his protection. We do not agree. There is a finite number of officers on any city's police force, and no individual can expect complete protection.
The appellant in Ellmer v. City of St. Petersburg,378 So.2d 825 (Fla.Dist.Ct.App. 1979), was attacked when he drove his car into a riot area. He brought suit against the city, alleging that it had negligently failed to protect the safety of its citizens by giving them an appropriate warning of the riot or cordoning off the locale. In dismissing the claim, the court stated:
 "[W]e reject the argument that giving warning to persons of the existence of a riot is merely the equivalent of a city's duty to warn of a dangerous defect in one of its streets. The obligation to make an appropriate response to the fluid and volatile conditions of a riot is far different from the duty to warn of a *Page 378 
static condition which may constitute a hazard on a highway."
378 So.2d at 827. Similarly, the City of Mobile cannot be held liable for a failure to locate and arrest five or six teenagers in a crowd of thousands in a period of minutes. There are no genuine issues of material fact; therefore, the decision of the trial court is affirmed. Rule 56, Ala.R.Civ.P.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and ADAMS, JJ., concur.