■ OSAMAH SHAHIN, Respondent, v CITY OF YONKERS et al., Appellants. [678 NYS2d 668] —In an action to recover damages

for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Rosato, J.), entered September 4, 1997, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On December 7, 1993, in the course of working for a private tree-care service, the plaintiff suffered the loss of his right hand when it became caught in a wood chipper he was operating. Prior to the accident, the defendant Joseph J. Troy, the city arborist for the City of Yonkers, visited the scene and informed the plaintiff's employer that the work was being performed without the necessary permit. The accident occurred approximately 30 minutes to an hour after Troy left the scene. It is disputed as to whether Troy told the workers to hurry up.

The plaintiff commenced this action against the defendant municipality, its agency, and Troy, alleging, *inter alia*, that the accident occurred because of their negligence. The defendants moved for summary judgment, contending that there was no special relationship between the plaintiff and any of the defendants. We agree.

It is well established that "to sustain liability against a municipality, the duty breached must be more than a duty owing to the general public. There must exist a special relationship between the municipality and the plaintiff, resulting in the creation of a 'duty to use due care for the benefit of particular persons or classes of persons' " (*Florence v Goldberg,* 44 NY2d 189, 195, quoting *Motyka v City of Amsterdam,* 15 NY2d 134, 139). In *Cuffy v City of New York* (69 NY2d 255, 260), the Court of Appeals stated that "[t]he elements of this 'special relationship' are: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking".

Here, viewing the facts in the light most favorable to the plaintiff, the requisite element of a "special relationship" has not been met as there is no evidence that the defendants assumed to act on behalf of the plaintiff, and that the plaintiff justifiably relied upon any affirmative undertaking of the municipality. Sullivan, J. P., Altman, Friedmann and McGinity, JJ., concur.