426 So.2d 824 (1983)
Bobby WILLIAMS
v.
CITY OF TUSCUMBIA.
81-610.
Supreme Court of Alabama.
February 11, 1983.
Dissenting Opinion February 22, 1983.
*825 Murray W. Beasley, Tuscumbia, for appellant.
Mary Anne Westbrook and Robert L. Gonce of Gonce, Young, Howard & Westbrook, Florence, for appellee.
FAULKNER, Justice.
This is an appeal from a summary judgment granted by the trial court in favor of Tuscumbia in a negligence suit for failure to immediately respond to a fire in a residential dwelling located in the City of Tuscumbia.
Williams's complaint against Tuscumbia alleges:
"On or about November 9, 1980, while the plaintiffs were away out of the State of Alabama, the plaintiff's house caught on fire. The Tuscumbia Fire Department was immediately notified, but they negligently failed to respond to the call immediately, stating that the driver of the truck had gone home sick and that another driver was not replaced by him, causing the home of the plaintiff at 1214 South Indian Street, Tuscumbia, Alabama, to be completely destroyed along with all the furnishings."
Tuscumbia filed a motion to dismiss on the ground that the complaint failed to state a claim upon which relief can be granted. This same ground was, subsequently, stated in its motion for summary judgment. The trial judge granted Tuscumbia's motion.
Even though the motion was styled a motion for summary judgment, it was in the nature of a motion for judgment on the pleadings. Rule 12(b)(6), ARCP. Tuscumbia did not present any evidence to support its allegation that there was no genuine issue of a material fact, thereby entitling it to judgment as a matter of law. This Court laid down the rule in Ray v. Midfield Park, Inc., 293 Ala. 609, 308 So.2d 686 (1975), stating:
"When a movant makes a motion for summary judgment, the burden is upon him to show that there is no genuine issue of a material fact left in the case."
Williams filed suit against Tuscumbia on May 5, 1981. The City was served on May 7. Therefore, presentment of the claim pursuant to § 11-47-23, Code 1975, was negated by filing suit within the six-month period. See Hamilton v. City of Anniston, 268 Ala. 559, 109 So.2d 728 (1959).
The issue for decision is whether the City of Tuscumbia is liable for its firemen not responding immediately to a call from a citizen telling them that his house is on fire.
Tuscumbia contends that there is no legislative duty imposed upon a municipality to maintain a fire department. That is true. Section 11-43-140, Code 1975, provides that:
"Cities and towns may maintain and operate a volunteer or paid fire department and may do all things necessary to secure efficient service...."
The flip side proposes this question. Once a city or town organizes and provides for a fire department, what is the duty owed to the citizens of the city or town? Tuscumbia contends that a duty imposed upon a municipal fire department is owed to the general publicnot to an individual. Does this mean that the whole town has to be on fire before the fire department responds to a call? It may be true that a certain fire in the city would have priority over another fire. For example, if a multistory building was on fire and in it a number of people were stranded and about to suffer imminent death from the fire, it could hardly be questioned that the fire inside the multi-story building would have priority over a fire in a dwelling where only property damage would be suffered.
*826 We opine that in this case a duty was imposed on the Tuscumbia Fire Department to respond immediately to the call that the Williams's house was on fire. There was a special duty created to act in a skillful manner to respond to the call. We recognize the fact that firemen may act with extreme skillfulness and yet be unable to get to a fire to prevent a building from burning to the ground. But, here the complaint alleges that the reason the fire department did not immediately respond was that the driver of the truck had gone home sick and had not been replaced. We opine that the fire department acted unskillfully by not having a back-up driver who could have immediately taken the place of the sick driver, § 11-47-190, Code 1975. In other words, the fire department lacked proficiency. Cf. City of Birmingham v. Thompson, 404 So.2d 589 (Ala.1981).
Finally, Tuscumbia contends that the abrogation of immunity by Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975), did not relieve the courts from further examination of the issue of liability. No one can argue with that contention. Before Jackson the liability question was never presented for decision (except in a proprietary action), because the municipality was shielded by the doctrine of immunity. The municipality's immunity having been abrogated by § 11-47-190 as interpreted by Jackson, the liability question is precisely the question in this case.
We hold that the complaint stated a cause of action. The cause is returned to the trial court to determine whether the failure of the fire department to immediately respond to the call that there was a fire at the Williams residence was the proximate cause of the house being destroyed.
REVERSED AND REMANDED.
JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and MADDOX, J., dissent.
TORBERT, Chief Justice (dissenting).
I write to express my view that the same public policy considerations that the Court found applicable in Rich v. City of Mobile, 410 So.2d 385 (Ala.1982), are even more compelling in the present case. It is my opinion that this is indeed one of those
"narrow areas of governmental activities essential to the well-being of the governed, where the imposition of liability can be reasonably calculated to materially thwart the City's legitimate efforts to provide such public services."
410 So.2d at 387. The fact that a municipality is under no obligation to provide a fire department in order to protect the property of its residents tends to increase the probability that the imposition of tort liability would diminish a City's motivation or ability to support this essential service.
MADDOX, J., concurs.