The plaintiff, Elizabeth Ziegler, appeals from a summary judgment granted in favor of the defendant, City of Millbrook, in her action to recover damages for negligently or wantonly failing to provide fire protection. We reverse and remand.
The sole issue presented in this case is whether a municipality, under the doctrine of substantive immunity, is liable for negligence in failing to provide fire protection.[1]
In Williams v. City of Tuscumbia, 426 So.2d 824
(Ala. 1983), this Court reversed a summary judgment granted in favor of the defendant, City of Tuscumbia. In that case the plaintiff filed suit against the city, seeking to recover damages for its fire department's negligence in failing to immediately respond to a fire at his residence. The Court stated:
 "The issue for decision is whether the City of Tuscumbia is liable for its firemen not responding immediately to a call from a citizen telling them that his house is on fire.
 "Tuscumbia contends that there is no legislative duty imposed upon a municipality to maintain a fire department. That is true. Section 11-43-140, Code 1975, provides that:
 " 'Cities and towns may maintain and operate a volunteer or paid fire department and may do all things necessary to secure efficient service. . . .'
 "The flip side proposes this question. Once a city or town organizes and provides for a fire department, what is the duty owed to the citizens of the city or town? Tuscumbia contends that a duty imposed upon a municipal fire department is owed to the general public — not to an individual. Does this mean that the whole town has to be on fire before the fire department responds to a call? It may be true that a certain fire in the city would have priority over another fire. For example, if a multi-story building *Page 1276 
was on fire and in it a number of people were stranded and about to suffer imminent death from the fire, it could hardly be questioned that the fire inside the multi-story building would have priority over a fire in a dwelling where only property damage would be suffered.
 "We opine that in this case a duty was imposed on the Tuscumbia Fire Department to respond immediately to the call that the Williams house was on fire. There was a special duty created to act in a skillful manner to respond to the call. We recognize the fact that firemen may act with extreme skillfulness and yet be unable to get to a fire to prevent a building from burning to the ground. But, here the complaint alleges that the reason the fire department did not immediately respond was that the driver of the truck had gone home sick and had not been replaced. We opine that the fire department acted unskillfully by not having a back-up driver who could have immediately taken the place of the sick driver, § 11-47-190, Code 1975. In other words, the fire department lacked proficiency. Cf. City of Birmingham v. Thompson, 404 So.2d 589 (Ala. 1981).
 "Finally, Tuscumbia contends that the abrogation of immunity by Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975), did not relieve the courts from further examination of the issue of liability. No one can argue with that contention. Before Jackson the liability question was never presented for decision (except in a proprietary action), because the municipality was shielded by the doctrine of immunity. The municipality's immunity having been abrogated by § 11-47-190
as interpreted by Jackson, the liability question is precisely the question in this case.
 "We hold that the complaint stated a cause of action. The cause is returned to the trial court to determine whether the failure of the fire department to immediately respond to the call that there was a fire at the Williams residence was the proximate cause of the house being destroyed." (Emphasis added.) 426 So.2d at 825-26.
In City of Mobile v. Jackson, 474 So.2d 644, 649
(Ala. 1985), this Court refused to adopt the municipality's argument for substantive immunity:
 "Next, the city cites Rich v. City of Mobile, 410 So.2d 385 (Ala. 1982), to support its proposition that it is substantively immune from suit in this case. In Rich, homeowners sued the city, alleging that a building inspector negligently inspected, or negligently failed to inspect, sewer lines connecting plaintiffs' residence to the main system. Rich created a narrow exception to the rule of general liability for municipalities in situations in which the public policy considerations of a city's paramount responsibility to provide for the public safety, health, and general welfare outweighed the reasons for the imposition of liability on the municipality. This exception to the general rule of liability, however, is to be applied only in 'those narrow areas of governmental activities essential to the well-being of the governed, where the imposition of liability can be reasonably calculated to materially thwart the City's legitimate efforts to provide such public services.' Rich, 410 So.2d at 387.
 "We find that Rich is not applicable to the case at hand.
 "In Kennedy v. City of Montgomery, 423 So.2d 187 (Ala. 1982), this Court held that pursuant to Code 1975, § 11-50-50, municipalities are authorized to construct and maintain drainage systems, and, while a municipality is not required to exercise this authority, once it does so, a duty of care arises and a municipality may be liable for damages proximately caused by its negligence.
 "We find that the liability for negligent design or maintenance of drainage systems is analogous to that involved in the construction and maintenance of streets, alleys, or public ways or buildings, and, thus, that the city is not immune in this case." (Emphasis added.)
We find this case to be controlled by Williams v.Tuscumbia, supra, and it follows that no municipal immunity exists under the circumstances of this claim. Accordingly, *Page 1277 
the summary judgment is reversed, and this cause is remanded for further proceedings. It is so ordered.
REVERSED AND REMANDED.
JONES, ALMON, SHORES and ADAMS, JJ., concur.
TORBERT, C.J., and MADDOX, HOUSTON and STEAGALL, JJ., dissent.
[1] Although the plaintiff alleged in her complaint that the defendant acted wantonly in failing to provide fire protection, there is no evidence in the record supporting that allegation.