Bonita K. GORDON, Glynn A. Gordon, and William Garner, Suing Individually and as Next Friends of Jesse W. Garner, Crystal Renee Johnson, Lois Johnson Garner, and Lydia Russell, Appellants,

v.

CITY of HENDERSON, Tennessee and Henderson Fire Department, Appellees.

Supreme Court of Tennessee, at Jackson.

Feb. 27, 1989.

Charles H. Farmer, Spragins & Murchison, Jackson, for appellants.

Gayden Drew, Hill, Boren and Strickland, Jackson, J. Anthony Farmer, Ray, Farmer, Baumgartner and Eldridge, Knoxville, Amicus Curiae—Tennessee Trial Lawyers Ass'n.

Russell Rice, Jr., Jackson, for appellees.

## OPINION

COOPER, Judge.

The appeal was granted to test the action of the Court of Appeals in affirming the dismissal of plaintiffs' cause of action. According to the complaint, four residents of Henderson, Tennessee, died from smoke inhalation and asphyxiation on November 27, 1984, when a fire destroyed the home in which they were residing. The complaint filed was not detailed, but does allege that the deaths were proximately caused by the negligence of the City of Henderson Fire Department in that:

(1) its firemen were absent from their regular duty station, and had to be located by the Henderson Police Department;

(2) that the response time of the firemen was at least fifteen minutes, when the proper response time considering the location of the fire and the fire house should be less than five minutes;

(3) that some of the firemen responding to the fire "had the smell of liquor on their breath and were unable to respond as trained and professional fireman;" and

(4) the firemen incorrectly placed their equipment in operation.

Plaintiffs charged that a timely response by the fire department in a professional manner and the skilled application of the fire fighting equipment would have prevented the deaths of plaintiffs' relatives.

Plaintiffs' complaint was dismissed by the trial court upon defendants' motion to dismiss for failure to state a claim upon which relief can be granted. *See* Rule 12.-02(6) T.R.C.P.

In affirming the action of the trial court, the Court of Appeals concluded that the activities of the defendants that were the bases of the complaint were "discretionary functions," for which the defendants were immune from suit.

Prior to the passage of the Tennessee Governmental Tort Liability Act, a municipality and its fire department generally were immune from suit by a private individual either upon aspects of governmental immunity or upon the principle that duties

of municipal corporations in furnishing fire protection were general duties owed to the public and not special duties owed to a private individual. *See Burnett v. Rudd,* 165 Tenn. 238, 54 S.W.2d 718 (1932); *Irvine v. Chattanooga,* 101 Tenn. 291, 47 S.W. 419 (1898); Municipal, Etc., Tort Liability, §§ 482–486. *See also Fulenwider v. Fire Fighters Association, Local 1784,* 649 S.W. 2d 268, 269 (Tenn.1982), wherein this Court noted the general rule and commented that the liability of a municipality for injuries resulting from activities of its fire department may be affected to some extent by the Tennessee Governmental Tort Liability Act, T.C.A. §§ 29–20–101 to 407.

The Tennessee Governmental Tort Liability Act does not create any new causes of action, but removes the immunity of governmental entities from suit in limited and specified instances. It does this in a unique fashion. First the Act iterates the general rule of immunity of governmental entities from suit for injuries resulting from activities of the governmental entity and expressly extends the immunity to proprietary activities, which formerly were subject to suit. T.C.A. § 29–20–201; *Crowe v. John W. Harton Mem. Hospital,* 579 S.W.2d 888 (Tenn.App.1979). Then, the Act removes the immunity "for injury from negligent operation of motor vehicles" (T.C.A. § 29–20–202); "for injury from unsafe streets and highways" (T.C.A. § 29–20–203); "for injury from dangerous structures" (T.C.A. § 29–20–204); and "for injury caused by negligent act or omission of employees," with numerous exceptions. (T.C.A. § 29–20–205).[1] It is under this latter section that the present action was brought.

T.C.A. § 29–20–205 provides in pertinent part that:

Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury:

(1) Arises out of the exercise or performance or the failure to exercise or

perform a discretionary function, whether or not the discretion is abused;

The Act does not define "discretionary function." However, this Court has on several occasions defined the discretionary function immunity under the common law:

Where the duty is absolute, certain, and imperative, and is simply ministerial, the officer is liable in damages to any one specially injured, either by his omitting to perform the task or by performing it negligently or unskillfully. On the other hand, where his powers are discretionary, and to be exerted or withheld according to his own judgment, he is not liable to any private person for a neglect to exercise those powers, nor for the consequences of a willful exercise of them, where no corruption or malice can be imputed to him, and he keeps within the scope of his authority.

*Hale v. Johnson,* 140 Tenn. 182, 197, 203 S.W. 949 (1918). *See also Binkley v. Hughes,* 168 Tenn. 86, 73 S.W.2d 1111 (1934); *State ex rel. Robertson v. Farmers' State Bank,* 162 Tenn. 499, 39 S.W.2d 281 (1931).

■ The defendants contend, and the Court of Appeals found, that the acts that were the foundation of the present action were "discretionary functions." It may be on a full development of facts that some of the acts of the firemen logically will be classified as "discretionary functions," but we find it difficult to categorize the apparent intoxication of firemen as a "discretionary function," nor, without an explanation by defendants, the absence of firemen from their duty station and the resultant undue delay in response time.

On facts similar to those alleged in this case, the Alabama Supreme Court held that a cause of action had been stated by the plaintiff in *Williams v. City of Tuscumbia,* 426 So.2d 824 (Ala.1983). The complaint in *Williams,* alleged that an undue delay from the time of the first notification of the fire emergency to the response occurred because defendants failed to have a replacement engine driver available when the primary driver was sick. The resulting

---

**1.** No exception was made as to fire depart-   ments.

delay caused plaintiffs' home to be completely consumed by fire. The court stated that "[t]he issue ... is whether the City of Tuscumbia is liable for its firemen not responding immediately to a call from a citizen telling them that his house is on fire." 426 So.2d at 825. Recognizing that deployment of fire fighting resources can involve discretionary decisions, *id.,* the court determined that the case did not involve circumstances requiring the exercise of any discretion:

> We opine that in this case a duty was imposed on the Tuscumbia Fire Department to respond immediately to the call that the [plaintiffs'] house was on fire. There was a special duty created to act in a skillful manner to respond to the call. We recognize that firemen may act with extreme skillfulness and yet be unable to get to a fire to prevent a building from burning to the ground. But, here the complaint alleges that the reason the fire department did not immediately respond was that the driver of the truck had gone home sick and had not been replaced. We opine that the fire department acted unskillfully by not having a back-up driver who could have immediately taken the place of the sick driver; .... In other words, the fire department lacked proficiency.

*Id.,* at 826. The court held that an issue of fact had been raised and that the plaintiffs should have the opportunity to substantiate the allegations of their complaint. *See also Davis v. City of Lexington,* 509 So.2d 1049 (Miss.1987).

As heretofore noted, the complaint in this case contains at least two separate allegations of negligence which, without a development of the facts, cannot be classified as "discretionary functions": (1) that some of the responding firemen appeared to be intoxicated and were thus unable to fight the fire in a skilled and professional manner, and (2) the absence of firemen from their duty station and the resulting failure to respond in a timely manner. Construed in the light most favorable to plaintiffs and assuming that the allegations are true, which we must do in considering a Rule 12 motion to dismiss, in our opinion the complaint states a cause of action and entitles plaintiffs to attempt to substantiate the allegations, and to show that defendants breached a duty owed to those who died in the fire; and to show that the alleged negligence of defendants was the proximate cause of their deaths.

The judgment of the Court of Appeals sustaining the Rule 12 motion and dismissing the action is reversed. The cause is remanded to the trial court for further proceedings. Costs are adjudged against the appellees, City of Henderson, Tennessee, and the Henderson Fire Department.

HARBISON, C.J., and FONES, DROWOTA and O'BRIEN, JJ., concur.