Kenneth **HARPER** and Wife, Martha Harper, Plaintiffs/Appellants,

v.

**CITY OF MILAN, Tennessee,** Defendant/Appellee.

Court of Appeals of Tennessee, Western Section.

June 28, 1991.

Permission to Appeal Denied by Supreme Court Jan. 21, 1992.

William M. Jeter, Memphis, for plaintiffs/appellants.

John F. Kizer, Milan, for defendant/appellee.

HIGHERS, Judge.

This action arises from a fire which severely damaged the home of the plaintiffs, Kenneth and Martha Harper, in Milan, Tennessee on February 7, 1987. They brought this action against the defendant, the City of Milan, in the Circuit Court at Gibson County. The Harpers allege that the City of Milan Fire Department was negligent in not responding adequately to the fire at their residence and the City thereby breached the contractual agreement between the parties. The Harpers assert that their damages were greatly enhanced as a direct and proximate result of the failure of the City of Milan to respond adequately to the fire, and the damage to their residence was much greater than it would have been if the City of Milan had not breached its contract with them. The City of Milan brought a counter-action for the Harpers' failure to pay $500 pursuant to the Rural Fire Service Contract. The counter-complaint was dismissed. The trial court granted the City of Milan's motion for summary judgment on the original complaint on the grounds that the City of Milan was protected under the "discretionary function" immunity of the Governmental Tort Liability Act. It is from this order that the Harpers appeal.

The City of Milan adopted its Rural Fire Service Policy on June 10, 1986. That policy as amended on June 18, 1986 states that "The City of Milan, Tennessee Fire Department shall respond to all structure type fires within 3½ miles from the City limits" provided that certain provisions are met. The first two provisions are that participants must enter into a Rural Fire Service Contract with the City of Milan for each parcel of property owned and a $10 contract fee must be paid for each contract for the current year and it must be renewed each following year. On July 30, 1986 Martha Harper entered into a Rural Fire Service Contract with the City of Milan.

The Harpers live outside the city limits of Milan, Tennessee. However, on February 7, 1987, Kenneth Harper was on the Milan Fire Department Rural Fire Service List and all conditions of the Rural Fire Service policy had been met. On the morning of February 7, 1987, an electrical short in the thermostat caused an accidental fire to start at the Harpers' home. At approximately 11:30 a.m. on February 7, 1987, a fire at the Harper residence was reported to the City of Milan Fire Department. The City sent one pick-up truck equipped with a 250 gallon pressure tank to the Harper residence. The Milan Fire Department called Bradford for assistance and a stand-by truck was sent but was never required to assist. At the time of the fire, the City of Milan Fire Department was not fighting any other fires and had other fire equipment which was not sent to the Harpers' residence.

On June 20, 1987 the Harpers brought an action against the City of Milan for failing

to adequately respond to the fire and thereby increasing the damage caused by the fire. The trial court granted the City of Milan's motion for summary judgment on the grounds that the City is protected under the "discretionary function" immunity of the Governmental Tort Liability Act. The Harpers appeal. Their primary assertion is that their complaint sets forth both a cause of action in tort and a cause of action in contract and the contract action cannot be dismissed under the Governmental Tort Liability Act.

## I.

■ In determining a motion for summary judgment, the trial court and the Court of Appeals must view all the evidence and all legitimate conclusions of fact in the light most favorable to the opponent of the motion. *Graves v. Anchor Wire Corp. of Tennessee,* 692 S.W.2d 420 (Tenn. App.1985). Any disputed issue of material fact will render a summary judgment improper. *Union Planters Corp. v. Peat, Marwick, Mitchell & Co.,* 733 S.W.2d 509 (Tenn.App.1987). Rule 56.03 of the Tennessee Rules of Civil Procedure states that:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Harpers' complaint alleges that that the City of Milan breached a duty it owed to the Harpers in failing to respond adequately to the fire at their home. The Harpers assert that they should be allowed to put forth evidence to show that the adequacy of response is not a discretionary function.

The Governmental Tort Liability Act states in pertinent part:

Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury:

(1) Arises out of the exercise or performance or the failure to exercise of perform a discretionary function, whether or not the discretion is abused.

T.C.A. § 29–20–205(1). The Tennessee Supreme Court has defined discretionary function immunity under the common law as follows:

[W]here [a governmental employee's] powers are discretionary, and to be exerted or withheld according to his own judgment, he is not liable to any private person for a neglect to exercise those powers, nor for the consequences of a willful exercise of them, where no corruption or malice can be imputed to him, and he keeps within the scope of his authority.

*Hale v. Johnston,* 140 Tenn. 182, 197, 203 S.W. 949, 953 (1918).

The Harpers rely on the recent case of *Gordon v. City of Henderson,* 766 S.W.2d 784 (Tenn.1989), to support their assertion that the adequacy of response is not a discretionary function. In *Gordon* four persons died from smoke inhalation and asphyxiation when a fire destroyed the house in which they were residing. *Id.* at 785. The complaint alleged that the deaths were proximately caused by the negligence of the City of Henderson Fire Department for the following reasons:

(1) its firemen were absent from their regular duty station, and had to be located by the Henderson Police Department;

(2) that the response time of the firemen was at least fifteen minutes, when the proper response time considering the location of the fire and the fire house should be less than five minutes;

(3) that some of the firemen responding to the fire "had the smell of liquor on their breath and were unable to respond as trained and professional fireman,;" and

(4) the firemen incorrectly placed their equipment in operation.

Plaintiffs charged that a timely response by the fire department in a professional manner and the skilled application of the fire fighting equipment would

have prevented the deaths of plaintiffs' relatives.

*Id.* at 785.

The trial court dismissed the plaintiffs' claim for failure to state a claim upon which relief can be granted. *Id.* In affirming the holding of the trial court, the Court of Appeals added that the relevant activities of the defendants were discretionary functions for which the defendants were immune from suit. *Id.* The Tennessee Supreme Court responded:

It may be on a full development of facts that some of the acts of the firemen logically will be classified as "discretionary functions," but we find it difficult to categorize the apparent intoxication of firemen as a "discretionary function," nor, without an explanation by defendants, the absence of firemen from their duty station and the resultant undue delay in response time.

*Id.* at 786.

In reaching its determination, the court relied on an Alabama case, *Williams v. City of Tuscumbia,* 426 So.2d 824 (Ala. 1983), in which it was alleged that the undue delay by the fire department in responding to a call caused the plaintiffs' home to be consumed by fire. *Gordon,* 766 S.W.2d at 786–87. In that case, the fire department did not immediately respond because the driver of the fire truck had gone home sick. *Id.* at 787. The Alabama Supreme Court stated that the fire department lacked proficiency in not having a back-up driver who could immediately take the place of the sick driver. *Id.* The court held that an issue of fact had been raised but that the case did not involve any circumstances regarding the exercise of any discretion. *Id.* at 826.

■ In both *Gordon* and *Williams* there was a question of fact raised regarding the proficiency of the defendants in responding to the call. The courts have held that it is not a question of the exercise of discretion when it is a matter involving the proficiency of the department. In other words, the courts have held that it is not a discretionary function whether firemen ought to arrive at the scene of the fire in an intoxicated condition or whether the fire departments ought to respond immediately to incoming calls. *See Gordon,* 766 S.W.2d at 784. The Harpers do not allege any delay in the response by the City of Milan nor that the firemen did not act in a skillful manner. The Harpers' only allegation regarding the negligence of the City of Milan is stated as follows:

11. Plaintiffs would further show that the Defendant was negligent in failing to adequately respond to the fire call, when they knew or should have known of the location of Plaintiffs' property and known that the property was in close proximity to the City of Milan and would not endanger the lives or property of other citizens of the City of Milan.

The Harpers do not allege any lack of proficiency on the part of the City of Milan.

■ However, not all of the functions exercised by a fire department are removed from the realm of discretionary functions by the holding in *Gordon.* Relying on *Williams,* the *Gordon* court states that the deployment of fire fighting resources can involve discretionary decisions. *Gordon,* 766 S.W.2d at 787. Determining the amount and type of equipment to deploy in response to a particular call is one such discretionary decision whereas, whether firemen should become intoxicated while on duty or whether calls should be answered immediately is not a question of discretion. The Harpers do not raise an issue of fact regarding the proficiency or skill of the firemen. Any injury to the Harpers that may have resulted from the alleged negligence of the City of Milan in responding to the Harpers' fire arose out of the exercise or performance of a discretionary function. We find that there is no disputed issue as to any material fact. We affirm the trial court's holding that the City of Milan is protected under the discretionary function of the Governmental Tort Liability Act, and the City of Milan is entitled to summary judgment as a matter of law.

## II.

■ The Harpers also raise a contractual issue in their complaint. They assert that

the City of Milan breached its contractual obligation in failing to adequately respond to the fire in question. Specifically, the Harpers state in their complaint as follows:

10. As a direct and proximate result of the failure of the City of Milan to respond adequately to the fire, the damages of the Plaintiffs were greatly enhanced, to the extent that the damage to the building and contents was far greater than if the City of Milan had not breached the fire service contract with Plaintiffs.

The trial court did not discuss the breach of contract issue, but merely granted summary judgment on the basis of the Governmental Tort Liability Act. We find that the Harpers have clearly stated a cause of action for breach of contract. The Governmental Tort Liability Act has no application to a claim for breach of contract. *See Simpson v. Sumner County,* 669 S.W.2d 657 (Tenn.App.1983). Thus, summary judgment on the grounds of the Governmental Tort Liability Act was not proper regarding the claim of breach of contract.

The Rural Fire Service Contract between the City of Milan and the Harpers became effective on July 30, 1986. The Rural Fire Service Contract is a condition of the Rural Fire Service Policy which promises only that "The City of Milan, Tennessee Fire Department shall respond to all structure type fires within 3½ miles from the City limits." There is no dispute that the City of Milan did respond to the call regarding the Harpers' fire. The contract makes no promise or guarantee as to the adequacy of the response by the City of Milan. The only promise made by the City of Milan to the Harpers is that the City would respond to their call and there is no evidence in the record that there was any breach of that promise. Finding no disputed issue of material fact, we hold that summary judgment is proper. Although the trial court granted the summary judgment on the issue of breach of contract for erroneous reasons since the Governmental Tort Liability Act does not apply to an action for breach of contract, we will not reverse the court's holding because the trial court reached the correct result. *See*

*State ex rel. Moretz v. City of Johnson City,* 581 S.W.2d 628 (Tenn.1979).

We affirm the trial court on all issues. Costs are taxed to the Harpers.

CRAWFORD, J., and WILLIAM H. WILLIAMS, Special Judge, concur.