ON REHEARING EX MERO MOTU
This court's opinion of October 3, 1990, is withdrawn, and the following is substituted therefor:
This is an appeal from an order granting a new trial in a negligence suit against the City of Gadsden (City).
Ralph Brannon filed suit, alleging negligence by the City in the manner in which it responded to a fire at Brannon's mobile home and seeking $20,000 damages. A jury found in favor of Brannon and assessed damages in the amount of $1.00. The trial court granted Brannon's motion for a new trial, finding that the jury had rendered an inconsistent verdict and that there was an uncontroverted loss of $11,234. The City appeals. We affirm.
We note, at the outset, that there is a strong presumption of correctness of the trial court in its rulings on the motion for new trial. However, that ruling is due to be set aside if, after all reasonable presumptions are indulged as to the correctness of the trial court's ruling, the ruling was erroneous because the evidence plainly and palpably supported the verdict. Shiloh Construction Co. v. Mercury ConstructionCorp., 392 So.2d 809 (Ala. 1980). When reviewing the trial court's decision on whether to grant a new trial on the ground of inadequacy of damages, we must determine whether the verdict is so opposed to the preponderance of the evidence as to be clearly wrong and unjust. Lartigue v. Fleming, 489 So.2d 583
(Ala.Civ.App. 1986).
The dispositive issue is whether the trial court properly granted a new trial on the ground that the jury rendered an inconsistent verdict by rendering a verdict in favor of Brannon but failing to award damages in an amount at least as high as the uncontested amount proved by Brannon.
We note that, although the trial court characterized the issue as an inconsistent verdict (i.e., where no damages were awarded), we would characterize the issue as inadequacy of damages (i.e., where some damages were awarded). While we shall present the issues as postured by the trial court and the parties, that is, an inconsistent verdict, our discussion of the issues shall focus on the inadequacy of damages.
The record reveals that Brannon is the owner of real property located in the city of Gadsden and that he owned a mobile home that was placed on the property. He returned to his home on December 13, 1988, to find that it was on fire. At Brannon's request, the neighbors called 911 to report the fire.
The first fire truck to arrive had only two men on it; therefore, only one fire hose could be used. In addition, the five-inch quick coupling connector valve was broken, and the hose could not be attached from the fire hydrant to the truck. The first fire truck put water on the fire from the internal tank on the truck. Once that water was depleted, no more water was put on the fire until the second truck arrived and hooked up to the water supply from the hydrant. The evidence varies as to the amount of time that elapsed between the arrival of the first and the second fire trucks, with the estimates as to the time delay ranging from two minutes to fifteen minutes. The testimony also varied greatly as to the length of time that passed with *Page 1108 
no water on the fire and the extent of the fire at the arrival of the first fire truck and at the arrival of the second fire truck.
The five-inch quick coupling connector valve had been damaged in an accident at the fire station during the previous shift, and due to the expense of purchasing extra valves, there was no extra valve available. The damaged valve had to be sent off to be repaired.
An inventory prepared by Brannon showed that personal property located in the bedrooms and bathroom worth $12,299 had been damaged in the fire. Brannon claimed that these rooms were not originally involved in the fire. Brannon also testified that the mobile home was worth $10,000 to $12,000 before the fire and that it was worth nothing after the fire. There was also testimony from another mobile home owner that the home was worth $12,000 prior to the fire.
The City first contends that the verdict of $1.00 was a valid award of nominal damages and that the evidence does not clearly indicate that the verdict was wrong or unjust. We disagree. Although the issue of negligence was vigorously contested during the trial, there was no dispute as to the amount of damages suffered by Brannon. Brannon testified that he had personal property losses of $11,299, in addition to the loss of the trailer valued at least at $10,000, and there was testimony from another mobile home owner as to the value of the mobile home. There was no contradictory evidence offered to dispute the value of the property loss. A jury is not at liberty to ignore the undisputed testimony of competent witnesses.Stinson v. Acme Propane Gas Co., 391 So.2d 659 (Ala. 1980). Therefore, we find that the verdict is so opposed to the preponderance of the evidence that it is clearly wrong and unjust, Lartigue, 489 So.2d 583, and that the damages were inadequate, Stinson, 391 So.2d 659.
The City next contends that opinion evidence of damage to personalty is not conclusive on the trier of facts. However, we have found no evidence to support the jury's award of $1.00 in damages. Clearly, the evidence points toward a greater award than this amount. While we do not favor the setting aside of verdicts for damages, the trial court has a duty to grant a new trial for inadequate damages where the verdict is clearly unjust. Stinson, 391 So.2d 659.
The next contention raised by the City is that Brannon waived his right to a new trial on the ground of an inconsistent verdict because he did not object before the jury was discharged. However, there is no prohibition against raising the issue of an inconsistent verdict for the first time on a motion for new trial where the verdict is correct as to form but adverse as to substance. Lewis v. Moss, 347 So.2d 91 (Ala. 1977). Therefore, as there is no claim that the verdict was defective as to form, we find that Brannon did not waive his right to a new trial because he did not object on the ground of an inconsistent verdict before the jury was discharged. Id.
Finally, the City contends that it should be granted immunity against a claim for failure to provide fire protection under the doctrine of substantive immunity. However, such immunity does not exist in an action to recover damages for negligently or wantonly failing to provide fire protection. Ziegler v. Cityof Millbrook, 514 So.2d 1275 (Ala. 1987); Williams v. City ofTuscumbia, 426 So.2d 824 (Ala. 1983). Therefore, we find that in the present matter there is no substantive immunity against the claim.
Based on the above, we find that the damages granted by the jury were inadequate, Stinson, 391 So.2d 659, and that the verdict was so opposed to the preponderance of the evidence as to be clearly wrong and unjust. Lartigue, 489 So.2d 583. Therefore, we further find that the trial court properly granted the new trial and that this cause is due to be affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur. *Page 1109