**Noel CRAWLEY and Josephine Crawley**

v.

**HAMILTON COUNTY.**

Supreme Court of Tennessee,
at Knoxville.

Jan. 4, 2006 Session.

May 19, 2006.

R. Dee Hobbs, Special Counsel for Hamilton County Sheriff's Department, for the appellant, Hamilton County.

Marvin Berke and Andrew Berke, Chattanooga, Tennessee, for the appellees, Noel Crawley and Josephine Crawley.

**OPINION**

ADOLPHO A. BIRCH, JR., J.,
delivered the opinion of the court, in which WILLIAM M. BARKER, C.J.; E. RILEY ANDERSON, JANICE M. HOLDER, and CORNELIA A. CLARK, JJ., joined.

We granted permission to appeal in this case pursuant to Tennessee Rules of Appellate Procedure 11 to determine whether a county may exempt itself from the Gov-

ernmental Tort Liability Act by adopting an "exclusive" policy of compensation for on-the-job injuries. We hold that a county that has not opted into the workers' compensation statutes may not exempt itself from liability under the Governmental Tort Liability Act by adopting a policy purporting to be an employee's exclusive remedy for work-related injuries. Accordingly, we affirm the judgment of the Court of Appeals and remand the case to the trial court for further proceedings consistent with this opinion.

## I. Facts and Procedural History

Noel Crawley was employed as a corrections officer in the Hamilton County Sheriff's Department. While on duty in the Hamilton County jail on February 9, 1999, Crawley tripped on a chair that another officer had placed next to the door of a control room where he was working. He fell, sustaining a left shoulder injury and aggravating a preexisting lower-back injury.

As compensation for these injuries, the Sheriff's Department paid Crawley one year's salary and three years of medical expenses. Hamilton County contends that Crawley may not recover additional compensation because the "exclusive remedy" clause in the Hamilton County Civil Service Policy prevents further recovery.

In lieu of opting into the workers' compensation statutes, Hamilton County adopted its own Civil Service Policy in 1997.[1] Section 1401 of that policy provides:

> The rights and remedies herein granted to an employee because of and on account of a personal injury arising out of an accident which occurs in the course and scope of employment shall exclude all other rights and remedies of such employee, his/her personal representatives, dependents, or next of kin, common law or otherwise, on account of such injury insofar as Hamilton County, Tennessee and the Hamilton County Sheriff's Department are concerned.

Section 1407 of the same policy defines the duration of on-the-job injury payments as follows:

> 1. Salary:
> For a period not to exceed one (1) year, the Hamilton County Sheriff's Department will continue the salary of the employee while under a physician's care and certified by that physician as unable to work because of an on-the-job injury. . . .
> 2. Medical Expenses:
> For a period not to exceed three (3) years, the Hamilton County Sheriff's Department will pay medical expenses incurred by an employee who has been injured on the job. . . .

On January 20, 2000, Crawley filed a negligence suit against the Hamilton County Sheriff's Department under the GTLA[2] for the injuries he sustained at work on February 9, 1999. Hamilton County filed a motion for summary judgment, alleging that it was not subject to liability in tort because its on-the-job injury compensation policy constituted Crawley's exclusive remedy. The trial court held that Hamilton County was entitled to summary judgment as a matter of law because its Civil Service Policy controlled the benefits to which an employee was entitled and that Hamilton County had

---

**1.** According to Tennessee Code Annotated section 50–6–106(6), the workers' compensation statutes do not apply to the state, counties, or municipalities unless the state or political subdivision elects to opt into the workers' compensation system.

**2.** Tenn.Code Ann. § 29–20–101 to –408.

already paid Crawley the benefits to which he was entitled.

Crawley appealed, contending that the county should not be permitted to exempt itself from tort liability under the GTLA. The Court of Appeals agreed with Crawley and held that Hamilton County could not exempt itself from tort liability by adopting an "exclusive" on-the-job injury compensation policy. Hamilton County then applied to this Court for permission to appeal, and we granted the application.

## II. Standard of Review

■ We are guided in this case by well-established legal principles regarding appellate review of summary judgment motions. The standard of review for a trial court's grant of summary judgment is de novo, according no presumption of correctness to the trial court's determination. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). Similarly, because the resolution of this appeal involves questions of law, the standard of review is de novo with no presumption of correctness afforded to the conclusions of the courts below. *State v. Page*, 184 S.W.3d 223, 227 (Tenn.2006) (citing *State v. McKnight*, 51 S.W.3d 559, 562 (Tenn.2001)).

## III. Analysis

■ Hamilton County contends that the Civil Service Policy it has adopted in lieu of opting into the workers' compensation statutes constitutes the exclusive remedy for employees' on-the-job injuries. In addition, it contends that this Civil Service Policy exempts it from liability under the GTLA. Crawley, on the other hand, asserts that Hamilton County cannot exempt itself from tort liability.

In this case, there is no dispute that Crawley was injured on the job and that he was entitled to benefits. The only dispute is whether the compensation paid pursuant to the Hamilton County Sheriff's Department's policy constitutes Crawley's exclusive remedy. In order to resolve this issue, we must determine whether a governmental entity whose employees are not covered under the workers' compensation statutes may place itself beyond the reach of the GTLA-an issue of first impression for this Court. It appears that there is scant case law on this particular issue because all other states except Delaware and Tennessee mandate workers' compensation coverage for some or all government employees. *See* 4 Larson's Workers' Compensation Law § 78.01 (2005).

Hamilton County contends that payment for on-the-job injuries constitutes a fringe benefit and that it has the power to determine all fringe benefits for its employees. There is no question that Hamilton County is empowered, under Tennessee Code Annotated section 8-8-409, to determine all "fringe benefits" it provides to its employees. We find, however, that compensation for on-the-job injuries arising out of and during the course of employment does not constitute a "fringe benefit." Fringe benefits are defined as "[s]ide, non-wage benefits which accompany or are in addition to a person's employment. . . ." Black's Law Dictionary 667–68 (6th ed.1990); *see also Hamblen County Educ. Ass'n v. Hamblen County Bd. of Educ.*, 892 S.W.2d 428, 432–33 (Tenn.Ct.App.1994) (holding that fringe benefits are "benefits which accrue to an employee by reason of his employment other than the employee's salary or wages"). Compensation for an on-the-job injury is intended as a substitute for the worker's lost wages, not as a supplement to those wages. *See Mackie v. Young Sales Corp.*, 51 S.W.3d 554, 556 (Tenn. 2001).

The GTLA provides, in pertinent part, "immunity from suit of all governmental entities is removed for injury proximately

caused by a negligent act or omission of any employee within the scope of his employment...." Tenn.Code Ann. § 29–20–205 (2005). The purpose behind the adoption of this act was not only to codify the common law principle of sovereign immunity, but also to specify the circumstances in which a local government entity may be sued for negligence. *See Gordon v. City of Henderson,* 766 S.W.2d 784, 785–86 (Tenn. 1989) ("The Tennessee Governmental Tort Liability Act ... removes the immunity of governmental entities from suit in limited and specified instances."). Governmental entities have been found responsible under the GTLA for various negligent acts of either the entity or the entity's employees. *See Gordon,* 766 S.W.2d at 786–87 (concluding that the alleged negligence of on-duty firefighters by failing to respond timely and while intoxicated was a valid claim under GTLA); *Keaton v. Hancock County Bd. of Educ.,* 119 S.W.3d 218, 220–26 (Tenn.Ct.App.2003) (finding Hancock County was one hundred percent at fault under the GTLA for kitchen worker's injuries resulting from an electrical shock received while touching a stove).

When enacting the GTLA, the legislature defined the specific circumstances in which governmental entities would be responsible for the entities' or their employees' negligent acts.[3] When subsequently enacting legislation allowing counties to define fringe benefits for their employees, the legislature did not intend that those counties could thereby exempt themselves from the purview of the GTLA. *See* Tenn. Code Ann. § 5–23–101. The authority granted counties to define written personnel policies, including fringe benefits, does not grant those same counties the power to suspend or remove the statutorily-based negligence action provided by the GTLA.

"Municipal ordinances in conflict with and repugnant to a State law of a general character and state-wide application are universally held to be invalid." *Southern Ry. Co. v. City of Knoxville,* 223 Tenn. 90, 442 S.W.2d 619, 621 (1968); *see also State ex rel. Beasley v. Mayor & Aldermen of Town of Fayetteville,* 196 Tenn. 407, 268 S.W.2d 330, 334 (1954) (holding that a city or county "may not pass an ordinance which ignores the State's own regulatory acts, or deny rights granted by the State or grant rights denied by the State and thus in effect nullify the State law"). Such agreements are also repugnant to public policy because they allow an employer to insulate itself from tort liability to an employee for an on-the-job injury.[4] Thus, we hold that the portion of the Civil Service Policy which purports to exclude the employee from seeking other relief is void

**3.** "Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment...." Tenn.Code Ann. § 29–20–205.

**4.** Other jurisdictions that have addressed the validity of contracts between an employer and an employee whereby the employer is attempting to exempt itself from liability have held such contracts to be null and void as against public policy. *See Johnston v. Fargo,* 184 N.Y. 379, 77 N.E. 388, 391 (1906) ("[W]hen an agreement is sought to be enforced which ... defeats the spirit of existing laws of the state, because tending to destroy the motive of the employer to be vigilant in the performance of his duty towards his employs, that it is the duty of the court to declare it to be invalid and to refuse its enforcement."); *Western Union Tel. Co. v. Cochran,* 277 A.D. 625, 102 N.Y.S.2d 65, 68–69(N.Y.App.Div.1951) (finding that an agreement between employer and employee wherein employer attempted to exempt itself from liability is void as against public policy); *Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co. v. Kinney,* 95 Ohio St. 64, 115 N.E. 505, 508 (1916) (holding that an employer's attempt to exempt itself from liability in contract with employee was void as against public policy).

because the employee retains the right to sue Hamilton County under the GTLA.

## IV.  Conclusion

Hamilton County cannot exempt itself from the purview of the GTLA by adopting a policy purporting to be the employee's exclusive remedy for on-the-job injuries. Accordingly, we affirm the Court of Appeals' judgment and remand the case to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed to Hamilton County and its surety, for which execution shall issue if necessary.