IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
March 29, 2022 Session

## JOSEPH TAPP ET AL. v. FAYETTE COUNTY TENNESSEE ET AL.

**Appeal from the Chancery Court for Fayette County**
**No. 18144       William C. Cole, Chancellor**

———————————————————

**No. W2021-00856-COA-R3-CV**

———————————————————

The trial court granted Appellees' motion to dismiss. Appellants appealed. Due to the deficiencies in Appellants' brief, we do not reach the substantive issue and dismiss the appeal.

**Tenn. R. App. 3 Appeal as of Right; Appeal Dismissed.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J. and J. STEVEN STAFFORD, P.J., W.S., joined.

Richard L. Winchester, Jr., Germantown, Tennessee, for the appellants, Gary Bullwinkel, Joseph Tapp, William Hendry, and Willie Porter.

James I. Pentecost and Haynes T. Russell, Jackson, Tennessee, for the appellee, Fayette County, Tennessee.

William S. Rhea, Somerville, Tennessee and Michael S. Blazer, Chicago, Illinois, for the appellees, Invenergy, LLC, Invenergy Solar Project Development, LLC, Yum Yum Solar, LLC.[1]

---

[1] Invenergy, LLC, Invenergy Solar Project Development, LLC, and Yum Yum Solar, LLC adopted the brief filed by Fayette County in its entirety.

# MEMORANDUM OPINION[2]

## I. Background

In October 2019,[3] Invenergy, LLC, Invenergy Solar Project Development, LLC, and Yum Yum Solar, LLC (together the "Invenergy Defendants") petitioned the Fayette County Board of Zoning Appeals (the "Zoning Board") to approve their request to construct a solar farm in an area designated as "rural" under the Fayette County Growth Plan (the "Growth Plan"). Such request was premised on Section 13 of the Fayette County Zoning Resolution ("Section 13"), which authorizes the Zoning Board to issue a special exception permit for construction of "solar photovoltaic facilities" in an area designated as "rural." The Zoning Board granted the Invenergy Defendants' request, issued a special exception, and approved construction of the solar farm.[4]

Joseph Tapp, Willie Porter, William Hendry, and Gary Bullwinkel (together, "Appellants") are residents of Fayette County, Tennessee. Appellants own property proximate to the proposed solar farm and oppose its construction. On January 14, 2021, Appellants filed a complaint for declaratory judgment in the Chancery Court for Fayette County ("trial court") against the Invenergy Defendants. Appellants also sued Fayette County, Tennessee, and the Fayette County Board of Commissioners (together with Fayette County, Tennessee, "Fayette County," and together with the Invenergy Defendants, "Appellees"). In the complaint, Appellants alleged that state law, specifically Tennessee Code Annotated sections 6-58-106(c) and 6-58-107, discussed further *infra*, prohibited Fayette County from "approving an industrial activity [such as solar farms] in an area designated as 'Rural' in the Fayette County Growth Plan." Accordingly, Appellants asked the trial court to "enter an order declaring Section 13 of the Fayette County Zoning Resolution null and void as violative of State Law."

On February 24, 2021, Fayette County filed a motion to dismiss Appellants' complaint arguing that Section 13 is valid because Tennessee law allows for the placement

---

[2] Rule 10 of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[3] We note that Appellants listed October 2019 as the relevant date in the complaint for declaratory judgment but listed October 2020 as the relevant date in their response to the motion to dismiss. The precise date is immaterial for the purpose of this opinion.

[4] The Invenergy Defendants have not yet begun construction on the solar farm.

of solar farms in areas designated as "rural" under the Growth Plan.[5]  On April 20, 2021, Appellants filed their response to the motion.  On May 20, 2021, the trial court heard the motion to dismiss and subsequently ruled from the bench.  The trial court granted the motion and dismissed all of Appellants' claims with prejudice.  The trial court concluded that Section 13 did not violate Tennessee statutes, and that Fayette County had the authority to designate construction of solar farms in areas designated as "rural" under the Growth Plan.  On July 1, 2021, the trial court entered an order on the motion to dismiss, which incorporated a transcript of its oral ruling.  Appellants appeal.

## II.  Discussion

Appellants raise five issues for review:

1.  Did the Trial Court err in relying upon <u>Burks v. Savannah Industrial Development Corporation</u>, 2018 Tenn. App. Lexis 621, as precedent for its granting of Defendants'/Appellees' Motion to Dismiss?[6]

_____

[5] On March 10, 2021, the Invenergy Defendants also filed a motion to dismiss, adopting in its entirety Fayette County's motion to dismiss.

[6] The entirety of Appellants' argument concerning this issue is:

> In his ruling, the Trial Court cited as authority for his ruling, the case of <u>Burks v. Savannah Industrial Development Corporation</u>, 2018 Tenn. App. Lexis 621.  The issue in <u>Burks</u> was whether or not the City of Savannah could legally purchase land outside of its municipal boundaries to be utilized as an industrial park.  The land at issue in this litigation was located within the corporate boundaries of the City of Crump, Tennessee, <u>not</u> in an area designated as "Rural" in the Hardin County Growth Plan.  The <u>use</u> of the land in <u>Burks</u> was <u>not</u> an issue.  Furthermore, the resolution of the <u>Burks</u> case required the Court's application of T.C.A. § 7-53-101, et. seq. (the "Industrial Development Corporation Act"), statutory provisions which have no relevance, whatsoever, to the issues in this litigation.

(Emphases in original).  As an initial matter, Appellants' only argument concerning this issue is that the *Burks* decision is irrelevant to the case *sub judice*.  Notably, Appellants do not argue that the trial court's reference to *Burks* was prejudicial and should result in reversal of the trial court's order.  In fact, Appellants do not seek any relief from this Court concerning this issue.  *See* Tenn. R. App. P. 27(a)(7)(A) (requiring an appellant's brief to contain an argument setting forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief").

Nonetheless, we note that the trial court did not rely on the *Burks* decision in granting Appellees' motion to dismiss.  In fact, the trial court recognized that the decision "is not on all fours with the situation in front of us," and noted that it "shows the limitations of relying on the county growth plan to limit a municipal planning body or a county planning body."  Ultimately, the trial court concluded, without relying on *Burks*: "I don't see, in the statutes, that it takes away the authority of the county planning commission to make legislative enactments regarding what is allowed in a rural area and what is not allowed in a rural area.  I think that's within the purview of the county legislative body."  Accordingly, the trial court's reference to *Burks* was harmless.  *Gentry v. Walls*, No. 01-A-019105-CV-00190, 1991 WL 254561, at *1

2. Did the Trial Court err in determining that the Court was constitutionally required to defer to the County Commission's determination as to what land uses should be allowed in areas designated as "Rural" in the Fayette County Growth Plan?[7]

3. Did the Trial Court err in upholding a county zoning resolution which directly contradicts a state statute?

4. Did the Trial Court err in approving a County Zoning Regulation which grants a Board of Appeals zoning jurisdiction which is reserved by state statute to the

(Tenn. Ct. App. Dec. 4, 1991) ("The test for harmless error is found in Rule 36, Tenn. R. App. P., which says a judgment should not be set aside unless, considering the whole record, the error more probably than not affected the judgment.").

[7] This Court is unclear as to the substantive argument of the second issue. In this section of their brief, Appellants state:

In his ruling, the Trial Court emphasizes the doctrine of "separation of powers" and the necessity that he "stay in my lane." He further suggests that he should not ". . . substitute my judgment . . ." The Court appears to refer to established law (which Appellants do not dispute) which holds that a Court should not nullify or overrule a legislative decision merely because the Court believes the ordinance or resolutions at issue to be ill-advised. However, no such deference is appropriate in a consideration of the legality of a Municipal or County legislative zoning enactment.

(Internal citations omitted) (Emphasis in original). Appellants then cite two cases for the proposition that there is a recognized "exception to the general deference rule when the enactment is '. . . plainly contrary to the zoning laws.'" (Citing *Fallin v. Knox Cnty. Bd. of Comm'rs*, 656 S.W.2d 338, 343 (Tenn. 1983) and *McCallen v. City of Memphis*, 786 S.W.2d 633, 641 (Tenn. 1990)). Appellants then conclude:

In this proceeding, Plaintiffs do not challenge the wisdom of the enactment; nor do they question the material evidence (or lack thereof) presented at the time of the passage of the amendment to the Zoning Regulations. Plaintiffs, rather, challenge the legality of the enactment based upon its being inconsistent with Tennessee Statutes and its granting to the Board of Appeals zoning amendment powers delegated by the Tennessee legislature to the Planning Commission and the County Commission.

Appellants would suggest that the Trial Court had a duty to independently examine the legality of the challenged Resolution. This was the "lane" reserved for the judicial branch.

(Emphases in original). To the extent Appellants argue that Section 13 contradicts state statutes, we conclude, as discussed *infra*, that this issue is waived for failure to brief. *See Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). To the extent Appellants challenge the legality of Fayette County's passage and adoption of Section 13, we conclude such issue is waived because Appellants did not present this argument to the trial court. *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983) ("It has long been the general rule that questions not raised in the trial court will not be entertained on appeal . . . .").

Planning Commission and the County Commission?[8]

5.   Did the Trial Court err in grating Defendants'/Appellees' Motion to Dismiss?

Having briefly addressed most of the stated issues in the foregoing footnotes, we turn to clarify what, if any, issues remain for our review.

On review of the record, it is clear that Appellants' complaint and the trial court proceedings give rise to only one issue. To put that issue into context, we begin with a brief review of the relevant statutes. In 1998, the Tennessee Legislature enacted a "Growth Policy Act," which created a "comprehensive growth plan" for the State. *See* Tenn. Code Ann. § 6-58-101, *et seq*. Under the Act, certain counties in Tennessee, including Fayette County, were required to file a growth plan that was in accordance with the requirements in the comprehensive plan. *See* Tenn. Code Ann. § 6-58-107. As stated in the statute, "[t]he purpose of a growth plan is to direct the coordinated, efficient, and orderly development of the local government and its environs that will, based on an analysis of present and future needs, best promote the public health, safety, morals and general welfare." Tenn. Code Ann. § 6-58-107(c). Under the comprehensive plan, each county was required to designate land within the county as either: (1) urban growth boundaries; (2) planned growth areas; or (3) rural areas. Tenn. Code Ann. § 6-58-107(b). After a county approved its growth plan, "all land use decisions made by the legislative body and the municipality's or county's planning commission [were required to] be consistent with the growth plan." Tenn. Code Ann. § 6-58-107(a). The issue in this case concerns areas designated as "rural" under the Act. Relevant here, Tennessee Code Annotated section 6-58-106(c)(1) provides that each rural area shall:

(A) Identify territory that is not within urban growth boundaries;

(B) Identify territory that is not within a planned growth area;

(C) Identify territory that, over the next twenty (20) years, is to be preserved as agricultural lands, forests, recreational areas, wildlife management areas or for uses other than high density commercial, industrial or residential development; and

(D) Reflect the county's duty to manage growth and natural resources in a manner that reasonably minimizes detrimental impact to agricultural lands, forests, recreational areas and wildlife management areas.

Tenn. Code Ann. § 6-58-107(c)(1).

---

[8] On this Court's review, Appellants did not present this argument in either their response to the motion to dismiss or at oral argument before the trial court. As such, it is waived. *Id.*

Here, Appellants' issue is not with Fayette County's *Growth Plan*. Rather, Appellants challenge the substance of Section 13 of the Fayette County *Zoning Resolution*. As discussed, *supra*, Section 13 authorizes the Zoning Board to issue a special exception permit for solar farms. Appellants' specific issue lies with Section 13.2.1, which provides that solar farms "shall be located only within an area designated Rural by the Fayette County Growth Plan . . . ." In the complaint, Appellants argued that Section 13 was in "direct contravention with Tennessee law," specifically Tennessee Code Annotated sections 6-58-106(c) and 6-58-107, discussed above, and asked the trial court to "enter an order declaring Section 13 of the Fayette County Zoning Resolution null and void . . . ."

On this Court's review of the motion to dismiss, Appellants' response to the motion, and the transcript of oral arguments on the motion, it appears that Appellants' *sole* argument to the trial court was that Section 13 should be declared null and void as it allows solar farms to be placed in areas designated as "rural" in direct contravention of state statutes, specifically Tennessee Code Annotated sections 6-58-106(c) and 6-58-107. The following exchanges support our conclusion that this was Appellants' only argument to the trial court:

> **Appellees' Attorney:** What [Appellants' attorney] is saying is that, because of 13.2.1, the facility shall be located only within an area designated rural by Fayette County. And [Appellants' attorney] is saying, because you designated it as rural, then you have violated the Tennessee statute. And no, that is not a violation of the Tennessee statute.
>
> **The Court:** I get it. But the gist of your argument [(turning to Appellants' attorney)] is, when [Fayette] County said solar farms are placed in rural areas, that violates the county the growth plan. That's the -- in essence, that's what [your argument] is.
>
> **Appellants' Attorney:** It violates state statute, because the state statute -- when the growth plan designated the area as rural, that had ramifications under state statute.
>
> ***
>
> **Appellees' Attorney:** [Appellants are] not attacking the method by which Fayette County adopted this ordinance or anything specific in the ordinance. [They are] not challenging the adoption of the ordinance at all. [They are] challenging the right of Fayette County to adopt the ordinance as a whole, claiming that it violates the state statute. So[,] whatever his --
>
> **Appellants' Attorney:** Sure.

**Appellees' Attorney:** Okay. He acknowledged that.

Later in oral arguments, Appellants' counsel clarified that Appellants were "not challenging the process," i.e., the adoption of Section 13, rather, they were "challenging what was passed and how they are trying to circumvent the state statute," i.e., the substantive terms of Section 13. In other words, Appellants challenge whether the substance of Section 13 violates state statutes because it allows for the construction of solar farms in areas designated as "rural." As such, any review by this Court would be limited to that single issue. As discussed in footnotes 7 and 8, *supra*, all other issues not raised in the trial court are precluded. *Lawrence*, 655 S.W.2d at 929.

Unfortunately, we cannot reach the single issue in this case because Appellants' brief fails to comport with the Tennessee Rules of Appellate Procedure in that it fails to include a valid argument. Tennessee Rule of Appellate Procedure 27(a)(7)(A) provides that an appellant's brief *shall contain an argument* setting forth "the contentions of the appellant with respect to the issues presented . . . with citations to the authorities and appropriate references to the record . . . ." Tenn. R. App. P. 27(a)(7)(A). As the Tennessee Supreme Court has stated, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and *where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument*, the issue is waived." *Sneed*, 301 S.W.3d at 615 (emphasis added); *see also Forbess v. Forbess*, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) ("This [C]ourt has repeatedly held that a party's failure to cite authority for its arguments or to argue the issues in the body of its brief constitute a waiver on appeal.").

Appellants' entire argument concerning the substantive provisions of Section 13 is:

> In their Complaint, Plaintiffs contend that the enactment by the County Commission of Section 13 of the County Zoning Regulation authorized the Board of Appeals to allow the construction of massive (in this case, 4,003 acres (Complaint, R. Vol. 1, p. 2)) photoelectric generation plants in areas designated as "Rural" in the Fayette County Growth Plan in direct contravention of State Law. The Trial Court agreed:
>
> > The Court: All I am saying is that the action of the county legislative body, in placing solar farms in rural areas, is antithetical to state law.
> >
> > Appellees' Attorney: Thank you.
> >
> > The Court: It is my understanding that is what you have argued this morning.

Appellants' Attorney: Yes. (R. Vol. 1, p. 152, 11. 12-18)

Nevertheless, the Trial Court declined to nullify this Section of the Zoning Regulation.

In State ex rel. Beasley v. Fayetteville, 268 S.W.2d 330 (Tenn. 1954), our Supreme Court state[d] that

… the city may not pass an ordinance which ignores the State's own regulatory acts, or deny rights granted by the State or grant rights denied by the State and thus in effect nullify the State Law (at 334).

See also, Crawley v. Hamilton County, 2006 Tenn. Lexis 678 (Tenn. Aug. 22, 2005) wherein the Appellate Court reiterates:

. . . It has long been held that "municipal ordinances in conflict with and repugnant to a state law of a general character and state-wide application are universally held to be invalid." (citing Southern Ry. Co. v. City of Knoxville, 442 S.W.2d 619, 621 (Tenn. 1968)[)].

The Trial Court's refusal to nullify Section 13 of the Fayette County Zoning Regulation which directly contradicts and is antithetical to a specific state statute constitutes clear error by the Trial Court.

As an initial matter, contrary to Appellants' contention, the cited portion of the transcript does not demonstrate that the trial court agreed that Section 13 was "antithetical to State law." Rather, it merely shows that the trial court and Appellants' attorney understood this to be Appellants' argument.

More problematic is that the "argument" above fails to show *how* Section 13, or more particularly, how the resolution allowing for the construction of solar farms in areas designated as "rural," "directly contradicts and is antithetical to" Tennessee law. Appellants' only citations to legal authority are to support the argument that municipal ordinances cannot conflict with or nullify state law. *See **State ex rel. Beasley v. Fayetteville**, 268 S.W.2d 330, 334 (Tenn. 1954); **Crawley v. Hamilton Cnty., Tennessee**, No. E2003-03028-COA-R3-CV, 2005 WL 123495, at *2 (Tenn. Ct. App. Jan. 21, 2005), *aff'd sub nom.* **Crawley v. Hamilton Cnty, Tennessee**, 193 S.W.3d 453 (Tenn. 2006). In this portion of their appellate brief,[9] Appellants wholly omit any mention of Tennessee

_____

[9] Although Appellants cite to Tennessee Code Annotated sections 6-58-106(c) and 6-58-107 under

- 8 -

Code Annotated sections 6-58-106(c) or 6-58-107, the code sections Appellants claim Section 13 contradicts or nullifies. In sum, despite concluding that a regulation allowing solar farms in areas designated as "rural" contradicts Tennessee law, Appellants provide no actual analysis or argument as to *how* (or even which) Tennessee law(s) prohibit(s) solar farms from being constructed in rural areas. Rather, Appellants conclude, without supporting authority, that the trial court erred in failing to "nullify Section 13." In the absence of any cogent argument, this Court is placed in the position of having to make Appellants' argument for them, and this is simply not within our purview. As noted above, it is not our role to research or construct litigants' arguments for them. *See Sneed*, 301 S.W.3d at 615. "[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." *Bean v. Bean*, 40 S.W.3d 52, 54-55 (Tenn. Ct. App. 2000) (citing *Crowe v. Birmingham & N.W. Ry. Co.*, 1 S.W.2d 781 (Tenn. 1928)). Indeed, "appellate courts may properly decline to consider issues that have not been raised and briefed in accordance with the applicable rules." *Waters v. Farr*, 291 S.W.3d 873, 919 (Tenn. 2009) (Koch, J., concurring in part). Appellants' failure to make any argument concerning exactly how and why the terms of Section 13 violate Tennessee law precludes our review and results in waiver of the issue. *See Sneed*, 301 S.W.3d at 615.

## III. Conclusion

For the forgoing reasons, the appeal is dismissed. Costs of the appeal are assessed to the Appellants, Joseph Tapp, Willie Porter, William Hendry, and Gary Bullwinkel, for all of which execution may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE

---

the "statement of facts" section of their appellate brief (which section appears to be a recitation of the "facts" portion of their complaint), Appellants fail to substantively cite the statutes in the argument section of their appellate brief. The *only* citation to Tennessee Code Annotated section 6-58-106(c) in the *entire* argument section of Appellants' appellate brief is in passing during their rezoning argument which, as discussed *supra* footnote 8, is waived because Appellants did not present this argument to the trial court. Appellants never cite to Tennessee Code Annotated section 6-58-107 in the argument section of their appellate brief.